# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil No. 07-2122 (DWF) |
| | Criminal No. 04-69(1) (DWF/JSM) |
| Plaintiff, | |
| | |
| v. | **ORDER** |
| | |
| Arthur Sanchez, | |
| | |
| Defendant. | |

---

Ann M. Anaya, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

Arthur Sanchez, *Pro Se*, Petitioner-Defendant.

Daniel L. Gerdts, Esq., Brink & Gerdts, P.A., counsel for Petitioner-Defendant.

---

This matter is before the Court upon Petitioner-Defendant Arthur Sanchez's motion to vacate, set aside, or correct his sentence. Petitioner-Defendant is asserting ineffective assistance of counsel because his lawyer failed to preserve or otherwise did not press sufficiently what is referred to as the *Roviaro* issue at trial and properly reserve the issue for appellate review.[1] Petitioner-Defendant also asserts that he received ineffective assistance of counsel when his attorney failed to argue on appeal that his

---

[1]     In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court recognized the government's privilege to withhold the identity of informants. The government is required to disclose the informant's identity if the informant is a material witness or the informant's testimony is truthful to the defense. *Id.* at 64-65.

sentence was harsher than necessary and contrary to 18 U.S.C. § 3553(a).  Specifically,

Petitioner-Defendant asserts that the record does not establish that the Court properly

exercised its discretion when it imposed a post-*Booker* advisory Guidelines sentence.

Consequently, Petitioner-Defendant asserts that the Court failed to consider all of the

factors set forth in 18 U.S.C. § 3553(a).  Petitioner-Defendant has also filed an IFP

application, moved for appointment of counsel, and requested an evidentiary hearing.

The United States not only opposes Petitioner-Defendant's motions, but the United States

asserts his motion should be denied under 28 U.S.C. § 2255 for failing to comply with the

one-year time limit for filing a § 2255 motion as prescribed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").

## BACKGROUND

Petitioner-Defendant is currently serving a sentence of 192 months, followed by

five years of supervised release imposed by the Court on January 13, 2005.

A jury returned guilty verdicts against Petitioner-Defendant on both counts of the

Indictment:  Count 1 charged him with conspiracy to distribute and possess with intent to

distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C.

§§ 841(b)(1)(A) and 846; and Count 2 charged him with Aiding and Abetting Possession

with Intent to Distribute in Excess of 500 grams of Methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.  Petitioner-Defendant appealed

his conviction.  On appeal, one of his claims was that he was denied a right to a fair trial

and that the government improperly refused to timely produce the informant for trial.  At the time of Petitioner-Defendant's request, the identity of the informant, Margaret Ramero, was known to Petitioner-Defendant because she was in fact Petitioner-Defendant's live-in friend.  Ms. Ramero's last known address was disclosed to the defense prior to trial.  The Eighth Circuit affirmed the judgment of this Court in all respects, finding that the record did not support Petitioner-Defendant's claim that the government failed to timely produce the confidential informant.  *United States v. Sanchez*, 429 F.3d 753, 756 (8th Cir. 2005).

Petitioner-Defendant was last before this Court on December 6, 2005, when he filed a motion for correction or modification of the record under Federal Rule of Appellate Procedure 10(e) (Doc. No. 133).

On December 8, 2005, the Eighth Circuit Court of Appeals received Petitioner-Defendant's untimely petition for rehearing with petition for rehearing *en banc*. *United States v. Sanchez*, Appeal No. 05-1245 (General Docket, Entry dated Dec. 8, 2005).

On June 1, 2006, the Court denied Petitioner-Defendant's motion to correct or modify the record (Doc. No. 141).  Petitioner-Defendant had requested that the Court supplement the record with an alleged unrecorded side-bar that took place during the trial at which time Petitioner-Defendant asserted his attorney made an objection concerning the government's efforts to make available a confidential informant pursuant to *Roviaro*

3

*v. United States*, 353 U.S. 53 (1957).  The Court concluded, at that time, in its Order of

June 1, 2006, that there was no basis in the record or in Petitioner-Defendant's arguments

on which the Court could grant Petitioner-Defendant's motion.  Careful scrutiny of the

entire record in this matter continues to establish that the informant's presence at the trial

would not have produced a different verdict because the informant's statements came into

evidence and the evidence against Petitioner-Defendant was overwhelming.  The Court

stands by its ruling of June 1, 2006.  Petitioner-Defendant then moved the Court for

reconsideration of its Order (Doc. No. 141) which the Court denied on July 25, 2006

(Doc. No. 143).

On December 6, 2006, nearly a year after Petitioner-Defendant's petition for

rehearing was received by the Eighth Circuit, the Eighth Circuit issued an order that

denied his petition rehearing.  *United States v. Sanchez*, Appeal No. 05-1245 (General

Docket, Entry dated Dec. 4, 2006, petition denied as untimely).  Petitioner-Defendant did

not file a petition for a writ of certiorari with the United States Supreme Court.

On April 20, 2007, Petitioner-Defendant filed this pro se motion to vacate, set

aside, or correct his sentence (Doc. No. 147).

I.      **Timeliness Issue of Petitioner-Defendant's Motion Pursuant to 28 U.S.C. §
        2255:  Is Petitioner-Defendant's Motion Time-Barred?**

Prior to the enactment of the AEDPA, a federal defendant could bring a § 2255

motion at any time.  The AEDPA, however, created a one-year time limit.  Specifically, §

4

2255 motions may be filed up to one year from the date of the latest applicable triggering event.  The triggering events are as follows:

1)      the date on which the judgment of conviction becomes final;

2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making  a motion by such governmental action;

3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  *See Moore v. United States*, 173 F.3d 1131, 1133 (8th Cir. 1999).[2]

Here, the Eighth Circuit entered judgment affirming the judgment of this Court on November 16, 2005.  The Federal Rules of Appellate Procedure, Rule 40(a)(1) provides that a petition for panel rehearing may be filed within 14 days after entry of the judgment.  Petitioner-Defendant's petition for rehearing was due on November 30, 2005.  The Eighth Circuit received his petition for rehearing on December 8, 2005.  The government asserts

---

[2]      The procedural changes of the AEDPA were upheld by the Supreme Court in *Felker v. Turpin*, 518 U.S. 651 (1996).

that because the petition was not properly filed or even pending before the Eighth Circuit, the time cannot be tolled from the date of an untimely petition for rehearing.  *Riley v. Motley*, 2006 WL 3861768 (E.D. Ky. 2006).  Since Petitioner-Defendant did not file a petition for a writ of certiorari, the latest triggering event under AEDPA occurred 90 days after the Eighth Circuit affirmed the judgment of the district court on November 16, 2005.  Petitioner-Defendant's judgment of conviction became final on February 16, 2006.

Pursuant to AEDPA, Petitioner-Defendant had up to one year after February 16, 2006, or until February 16, 2007, to file his § 2255 motion.  Petitioner-Defendant's motion was filed on April 30, 2006.  The Court finds that the motion was therefore untimely under § 2255.  *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) ("district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations . . . of 28 U.S.C. § 2255 as amended by the [AEDPA]").  The one-year period during which Petitioner-Defendant could have filed a § 2255 motion following his conviction becoming final expired.  While it is true that the one-year time limit on such claims may be extended if there are extraordinary circumstances beyond the Petitioner-Defendant's control that prevented him from timely filing a § 2255 motion, no such circumstances exist here.  *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).  However, even though it is the Court's view that Petitioner-Defendant's § 2255 motion should be dismissed with prejudice, the Court will, nonetheless, in the alternative, consider the merits of his motion.

## II.     Ineffective Assistance of Counsel

### A.     *Roviaro* Claim

As noted above, Petitioner-Defendant asserts that he received ineffective

assistance of counsel when his attorney did not zealously assert the *Roviaro* issue at trial

and properly preserve the matter for appellate review.  He asserts, as he must, that he has

established prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  The record

does not support the conclusory assertions of Petitioner-Defendant.  None of the claims

raised by Petitioner-Defendant rise to the level of an error under the first prong of the

*Strickland* test.

In order to establish ineffective assistance of counsel, a defendant needs to prove:

(1) that his "counsel's representation fell below an objective standard of reasonableness";

and (2) that "but for counsel's unprofessional errors, the result of the proceeding would

have been different."  The record before the Court more than amply confirms that the

decisions made by Petitioner-Defendant's counsel were the result of reasonable

professional judgment exercised by Petitioner-Defendant's counsel as contemplated by

*Strickland*.  Indeed, it is the Court's view that Petitioner-Defendant received an excellent

defense at all stages of the case and that Petitioner-Defendant was at all times effectively

and competently represented by Mr. Gerdts.

In substantial part, Petitioner-Defendant's allegations are the same as were made to

this Court at the time of his motion to correct of modify the record and in his motion for

7

reconsideration of the Court's denial of that motion on June 1, 2006. The Court will repeat what it said in its Order of June 1, 2006: "This was not a difficult case for the jury, as some are. Ms. Ramero's [the informant] presence at trial would not have produced a different result in this case." Consequently, there was no prejudice to the Petitioner-Defendant. Nothing that Petitioner-Defendant's trial counsel did or did not do with respect to the very issue had any effect whatsoever on the outcome of the trial.

B.     **Sentencing Issue**

Again, none of the claims raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test.

Petitioner-Defendant asserts that he received ineffective assistance of counsel because his lawyer failed to argue on appeal that his sentence was harsher than necessary and contrary to 18 U.S.C. § 3553(a). Further, Petitioner-Defendant asserts that there is no indication in the record that the Court properly exercised its discretion when it applied the post-*Booker* advisory Guidelines. Petitioner-Defendant also asserts that the Court did not consider properly what are commonly referred to as § 3553(a) factors.

At sentencing, the Court acknowledged the advisory nature of the Guidelines pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Further, the record establishes that the Court also considered the factors set forth in § 3553(a) when it imposed a sentence of 192 months. The advisory Guidelines sentence was 292 to 365 months. The Court imposed a sentence of 192 months for the reasons stated in the record.

In the Court's view, Petitioner-Defendant's counsel made an objectively reasonable decision not to appeal his sentence.  Petitioner-Defendant cannot establish that, but for his alleged errors, he would have received a more favorable sentence than the 192 months imposed by this Court.  If anything, one might conclude that his lawyer's concern was that there would be a cross appeal on the sentence and that the sentence would be increased to the bottom range of the Guidelines to 292 months.  There was no *Strickland* error.

## III.     Evidentiary Hearing

The Court concludes that an evidentiary hearing is not required in this matter.  A 28 U.S.C. § 2255 petition can be dismissed without a hearing if:  (1) petitioner's allegations, if accepted as true, would not entitle petitioner to relief; or (2) if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1990).  Applying that standard to the allegations of Petitioner-Defendant in this case and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.  Moreover, the interests of justice will not be served by granting Petitioner-Defendant's motions.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having reviewed the contents of the file, along with the procedural history, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Petitioner-Defendant Arthur Sanchez's motion to vacate, set aside, or correct his sentence alleging ineffective assistance of counsel is hereby **DENIED**.

2.      Petitioner-Defendant Arthur Sanchez's motion and request for an evidentiary hearing is hereby **DENIED**.

3.      Petitioner-Defendant Arthur Sanchez's motion for IFP is **DENIED** as moot.

4.      Petitioner-Defendant Arthur Sanchez's motion for appointment of counsel is **DENIED** as moot.

5.      Petitioner-Defendant Arthur Sanchez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.


Dated:  June 8, 2007            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court